[Cite as *Lussier v. Ned Peppers, Inc.*, 2014-Ohio-5169.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

WILLIAM S. LUSSIER

      Plaintiff-Appellee

v.

NED PEPPERS, INC., et al.

      Defendants-Appellants


Appellate Case No. 26180

Trial Court Case No. 2011-CV-8478

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of November, 2014.

. . . . . . . . . . .

SCOTT A. KELLY, Atty. Reg. #0082280, Roberts Kelly & Bucio, LLP, 10 North market Street, Troy, Ohio 45373
      Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. #0066964, The Kollin Firm, LLC, 2372 Lakeview Drive, Suite H, Beavercreek, Ohio 45431
      Attorney for Defendants-Appellants

. . . . . . . . . . . . .

FAIN, J.

**{¶ 1}** Defendants-appellants Ned Peppers, Inc. and J & M Holdings, Inc. appeal from an order overruling their motion to vacate a default judgment obtained against them by plaintiff-appellee William S. Lussier, based upon a claimed lack of service of the summons and complaint upon them. The defendants contend that the trial court erred by finding, among other things, that the summons and complaint were properly served upon the defendants.

**{¶ 2}** We conclude that there is evidence in the record of the hearing upon the motion to support the trial court's findings. Accordingly, the order of the trial court from which this appeal is taken is Affirmed.

## I. The Course of Proceedings

**{¶ 3}** In 2008, Lussier brought an action against the defendants to recover damages for injuries he allegedly sustained as the result of a barroom brawl in 2006. Ned Peppers, Inc. owns the bar in which the brawl allegedly took place. J & M Holdings, Inc. owns the building in which Ned Peppers is located. In 2010, Lussier dismissed this action without prejudice. On November 23, 2011, Lussier filed a new complaint against the defendants. According to the docket, the complaint was served upon both defendants on December 2, 2011, by certified mail, with a receipt signed by Dill Bowling.

**{¶ 4}** In January, 2012, Lussier moved for default judgment. The court granted the motion as to liability, and a damages hearing was held. In March, 2012, Lussier was awarded judgment against both defendants, jointly and severally, in the amount of $89,373.54, plus

statutory interest.

**{¶ 5}** The defendants appealed. By entry dated May 22, 2012, we dismissed the appeal as untimely. 2d Dist. Montgomery No. 25134.

**{¶ 6}** A little over a year later, on June 25, 2013, the defendants filed the motion to vacate judgment, which is the subject of this appeal. The defendants contended that they had never been properly served with the complaint. The motion was heard before a magistrate. Dill Bowling, and James A. Schaeffer, Jr., the owner of both defendants, testified at the hearing.

**{¶ 7}** The magistrate found that the motion was filed more than a year after the judgment, precluding relief under Civ.R. 60(B)(1); no facts in support of relief were alleged to have occurred after the judgment was rendered, precluding relief under Civ.R. 60(B)(4); the motion was not filed within a reasonable time, precluding relief under Civ.R. 60(B)(5); and the defendants were, in fact properly served with the summons and complaint, precluding relief on the theory advanced by the defendants.

**{¶ 8}** The defendants objected to the magistrate's decision. The trial court overruled their objections, and overruled the motion to vacate the judgment. From the order of the trial court overruling their motion to vacate the judgment, the defendants appeal.

## II. There Is Evidence in the Record to Support the Trial Court's Finding that the Defendants Were Properly Served

**{¶ 9}** The defendants' First Assignment of Error is as follows:

THE TRIAL COURT INCORRECTLY REFUSED TO VACATE THE

DEFAULT JUDGMENT AGAINST BOTH NED PEPPER [sic], INC. AND J &

M HOLDINGS, INC.

**{¶ 10}** The defendants argue that they were not served with the summons and complaint in accordance with Civ.R. 4.2(F), which provides that service may be made:

Upon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation at any of its usual places of business by a method authorized under Civ.R.4.1(A)(1); or by serving an officer or a managing or general agent of the corporation[.]

**{¶ 11}** The defendants recognize that the summons and complaint were sent by certified mail to both defendants at 419 E. 5th Street, in Dayton, Ohio. They contend that this was not the usual place of business of either corporation.

**{¶ 12}** In finding that 419 E. 5th Street was the usual place of business of the corporate defendants, the trial court cited the testimony of Schaeffer, the owner of both corporate defendants, at the hearing before the magistrate. Schaeffer testified that 419 E. 5th Street was the address of Ned Peppers, Inc. listed in its articles of incorporation, that that was the address of Ned Peppers' place of business, and that that address, with a suite number of 206, was the address of J & M Holdings, Inc. Lussier also presented in evidence, at the hearing, a letter from an insurance company dated January 6, 2012, denying coverage of the claim, that was addressed to "J & M Holdings, Inc. d/b/a Ned Peppers, 419 through 423 East 5th Street, Dayton, Ohio."

**{¶ 13}** Schaeffer also acknowledged that Dill Bowling, who was employed in another corporation owned by Schaeffer, was in the habit of picking up mail that had been placed in the mail slot at that address, and placing the mail in a stack at the end of the bar at Ned Peppers. Schaeffer admitted that he had never told Bowling not to do that.

**{¶ 14}** For his part, Bowling acknowledged that the signature on the return receipt for

the certified mail of the summons and complaint was his. He also testified that he was in the habit of picking up the mail that had been placed through the mail slot, and putting it on the end of the bar "where the bartenders usually stay," and that this had been his practice for the last 19-20 years.

{¶ 15} We conclude that the testimony of Bowling and Schaeffer is evidence from which the trial court could find, as it did, that both defendants were served by certified mail with the summons and complaint. Accordingly, the First Assignment of Error is overruled.

**III.   No Other Ground for Relief from the Judgment Has Been Shown**

{¶ 16} The defendants' Second Assignment of Error is as follows:

THE TRIAL COURT INCORRECTLY FAILED TO GRANT APPELLANT'S RELIEF FROM JUDGMENT.

{¶ 17} Here, the defendants argue that even if they were properly served with the summons and complaint, the trial court should have granted them relief under Civ.R. 60(B). They do not identify an alternative basis for relief, however. They cite Civ.R. 60(B)(1), (4), and (5).

{¶ 18} As the trial court correctly noted, relief for mistake, inadvertence, surprise or excusable neglect, under Civ.R. 60(B)(1), is subject to the one-year-after-judgment time limitation, and the defendants' motion was filed more than one year after the judgment, precluding relief under this part of the Rule, even if a basis for relief was shown.

{¶ 19} As the trial court also correctly noted, the basis for relief under Civ.R. 60(B)(4) – that "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is

based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application" – is premised upon the occurrence of facts *after* the rendering of judgment that would justify relief from the judgment. *Old Phoenix Nat. Bank v. Sandler*, 14 Ohio App.3d 12, 13, 469 N.E.2d 943 (9th Dist.1984). The defendants do not rely upon any post-judgment facts to justify their claim for relief.

{¶ 20} Civ.R. 60(B)(5) provides for relief based upon "any other reason justifying relief from the judgment." Again, the defendants have not argued any basis for relief other than their claim that they were not properly served with the summons and complaint. Even if they had, the trial court found that their motion was not filed within a reasonable time, a restriction that applies to all grounds for relief under the Rule. Given that the defendants waited for more than a year after their appeal from the judgment was dismissed before filing their motion, we do not find the trial court to have abused its discretion in finding that the motion was not filed within a reasonable time.

{¶ 21} The Second Assignment of Error is overruled.

## IV. Conclusion

{¶ 22} Both of the defendants' assignments of error having been overruled, the order of the trial court overruling their motion to vacate judgment is Affirmed.

. . . . . . . . . . . . .

DONOVAN, J., and WELBAUM, J., concur.


Copies mailed to:

Scott A. Kelly
Thomas M. Kollin
Hon. Mary L. Wiseman