DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Robert Schutte, appeals from the judgment of the Summit County Court of Common Pleas denying his motion to vacate an order enforcing a settlement agreement. We affirm.
 I. {¶ 2} Appellant, an employee of Appellee Akron Public Schools Board of Education, filed suit against the Board and Appellee Kenneth H. Phares, the school district's Coordinator of Maintenance Services, alleging six causes of action relating to Appellant's employment. The parties agreed to settle the case on April 11, 2005, and on April 12, 2005, they represented to the trial court that the case had been settled. On June 30, 2005, the trial judge signed and filed a judgment entry under seal enforcing the terms and conditions of the settlement.
 {¶ 3} On November 16, 2005, Appellant filed a motion to vacate the June 30, 2005 order on the basis that Appellees had misrepresented the terms of the settlement agreement when they submitted it to the judge. The trial judge denied the motion in an order dated December 5, 2005. Appellant filed this appeal from the December 5, 2005 order, raising three assignments of error.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED IN DENYING PLAINTIFF/APPELLANT'S CIVIL RULE 60(B) MOTION TO VACATE THE COURT'S JUNE 30, 2005 ORDER IN REGARD TO SETTLEMENT AND ORDERING THE MATTER BE SETTLED IN ACCORDANCE WITH THE SETTLEMENT AGREEMENT PRESENT[ED] TO THE COURT BY DEFENDANTS/APPELLEES ON AUGUST 15, 2005."
 {¶ 4} Appellant claims that Appellees misrepresented the terms of the settlement agreement in the final settlement entry submitted to the court on June 30, 2005. On this basis, Appellant argues that the settlement agreement is invalid and that the trial court abused its discretion in refusing to vacate it.
 {¶ 5} A trial court's decision to grant or deny a Civ.R. 60(B) motion for relief from judgment is reviewed for an abuse of discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. A party may challenge a judgment under Civ.R. 60(B) by showing: (1) the party has a meritorious defense or claim; (2) a circumstance arises under Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 6} Appellant contends that he has a meritorious defense or claim in that Appellees' chronology and the subsequent settlement order failed to state all material terms of the settlement agreement between the parties and that the order therefore does not reflect the true contents of the settlement. Appellant further asserts that Appellee has committed fraud by failing to state all material terms of the agreement in the chronology and the settlement entry or, in the alternative, that the parties were mistaken as to which terms the parties agreed upon, and that the mistake or fraud satisfied the requirements of Civ.R. 60(B)(1) or Civ.R. 60(B)(3).
 {¶ 7} The judgment which Appellant seeks to vacate was filed on June 30, 2005, or four and a half months before the motion to vacate was filed on November 16, 2005. Filing a Civ.R. 60(B) motion can neither "substitute for a timely appeal [nor] * * * extend the time for perfecting an appeal from the original judgment." Key v. Mitchell (1998), 81 Ohio St.3d 89, 90-91. Where a motion to vacate is based entirely upon issues that could have been raised on direct appeal, the trial court does not abuse its discretion when it denies the motion to vacate. Yoakum v.McIntyre, 7th Dist. No. 03CO63, 2005-Ohio-7083, at ¶ 31. Appellant did not appeal when he became aware that a final appealable order existed and that the order omitted terms to which he believed the parties had agreed. He waited instead until November 16, 2005, long after the deadline to appeal had expired, and essentially attempted to circumvent the appeal period with a motion to vacate. Appellant's first assignment of error is therefore overruled.
 B. Second Assignment of Error
"THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONSTRUING THE TERMS AND CONDITIONS OF THE SETTLEMENT WHICH DID NOT INCLUDE ALL OF THE TERMS AGREED TO BY THE PARTIES [.]"
 Third Assignment of Error
"THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING, ON THE RECORD, ON PLAINTIFF-APPELLANT'S CIVIL RULE 60(B) MOTION TO VACATE[.]"
 {¶ 8} Because the trial court did not err in denying the motion to vacate where the only issues were those that could have been raised on a timely direct appeal, Yoakum, supra, the second and third assignments of error are moot, and the court declines to address them. See App.R. 12(A)(1)(c).
 III. {¶ 9} The first assignment of error is overruled and the second and third assignments of error are thereby rendered moot. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Whitmore, J. concur.