DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, June M. Rock, appeals the judgment of the Medina County Court of Common Pleas that denied her motion for relief from judgment. We affirm.
 {¶ 2} Ms. Rock filed a claim for workers' compensation benefits alleging that she sustained an injury in the course and scope of her employment with The Inn at Medina ("the Employer"). A district hearing officer allowed her claim, and the Employer's appeals to the Industrial Commission of Ohio were denied. On
April 6, 2004, the Employer appealed to the Medina County Court of Common *Page 2 
Pleas pursuant to R.C. 4123.512. Ms. Rock responded, as required by R.C.4123.512(D), by filing a petition asserting her right to participate in the workers' compensation system. The Employer answered Ms. Rock's petition on May 19, 2004. Ms. Rock voluntarily dismissed her petition on March 7, 2005.
 {¶ 3} On May 9, 2006, the Employer moved the trial court for a default judgment against Ms. Rock with respect to the Employer's administrative appeal, arguing that Ms. Rock had failed to re-file her petition within one year of the voluntary dismissal. The trial court entered default judgment on July 6, 2006. Four months later, Ms. Rock moved the trial court for relief from judgment pursuant to Civ.R. 60(B). The trial court denied her motion, and this appeal followed. Ms. Rock's assignments of error are discussed together for ease of disposition.
 ASSIGNMENT OF ERROR I "The trial court erred to the prejudice of [Ms. Rock] in concluding that [she] has failed to establish that she has a meritorious claim as [she] was unaware of her obligation to file a petition."
 ASSIGNMENT OF ERROR II "The trial court erred to the prejudice of [Ms. Rock] as the retrospective application of Fowee creates an undue hardship and great inequity for [Ms. Rock] and similarly situated employees."
 {¶ 4} In her first and second assignments of error, Ms. Rock has argued that the trial court abused its discretion by denying her motion for relief from judgment because (1) she was unaware of her obligation to file a petition pursuant *Page 3 
to R.C. 4123.512(D) and (2) the decision of the Supreme Court of Ohio inFowee v. Wesley Hall, Inc., 108 Ohio St.3d 533, 2006-Ohio-1712, should not be applied retroactively.
 {¶ 5} Civ.R. 60(B) provides:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
A party challenging a judgment under Civ.R. 60(B) must demonstrate that (1) the party has a meritorious defense or claim; (2) a circumstance arises under Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Elec, Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A trial court's determination of a motion for relief from judgment pursuant to Civ.R. 60(B) is reviewed for an abuse of discretion. Strack v.Pelton (1994), 70 Ohio St.3d 172, 174. Accordingly, a party must demonstrate not merely an error of law or judgment, but that the court's attitude is *Page 4 
unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 6} Ms. Rock moved for relief from judgment pursuant to Civ.R. 60(B)(4) and (5). With respect to Civ.R. 60(B)(4), she argued that she was unaware of her obligation to re-file a petition and that the entry of default judgment itself was inequitable for that reason. The purpose of Civ.R. 60(B)(4), however, is to relieve a litigant of the burdens of a judgment when changed circumstances have rendered its continued application inequitable. See Knapp v. Knapp (1986), 24 Ohio St.3d 141,146. "Civ.R. 60(B)(4) offers relief from judgments which have been satisfied or which have become inequitable. Relief under Civ.R. 60(B)(4) must be warranted by events occurring subsequent to the entry of the judgment in question. Events which occurred prior to judgment cannot be relied upon as grounds to vacate the judgment pursuant to Civ.R. 60(B)(4)." (Internal citation omitted.) Youssefi v. Youssefi (1991),81 Ohio App.3d 49, 52-53, citing Old Phoenix Natl. Bank v. Sandier (1984),14 Ohio App.3d 12, 13. Ms. Rock did not allege changed circumstances as contemplated by Civ.R. 60(B)(4), but that she was mistaken with respect to the requirements of R.C. 4123.512. Relief under Civ.R. 60(B)(4) was not appropriate under these circumstances.
 {¶ 7} Ms. Rock also moved for relief from judgment pursuant to Civ.R. 60(B)(5), which reflects "the inherent power of a court to relieve a person from the *Page 5 
unjust operation of a judgment." State ex rel. Gyurcsik v.Angelotta (1977), 50 Ohio St. 2d 345, 346. A motion pursuant to Civ.R. 60(B) cannot be used as a substitute for a timely appeal, nor does it extend the time in which a party may perfect an appeal from a final judgment. Key v. Mitchell (1998), 81 Ohio St.3d 89, 90-91. A trial court does not abuse its discretion by denying a motion for relief from judgment that is based entirely upon issues that could have been raised on direct appeal. Schutte v. Akron Public Sch. Bd. of Edn., 9th Dist. No. 23036, 2006-Ohio-4726, at ¶ 7. See, also, Watkins v. Williams, 9th Dist. No. 23186, 2007-Ohio-513, at ¶ 13 (applying the rule to a Civ.R. 60(B) motion challenging entry of default judgment). "If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a * * * motion to vacate judgment." State ex rel. Durkinv. Ungaro (1988), 39 Ohio St.3d 191, 193.
 {¶ 8} Ms. Rock moved for relief from the default judgment on November 6, 2006, four months after the default judgment was entered and well beyond the time in which to perfect a direct appeal pursuant to App.R. 4(A). Her argument challenged the substantive correctness of the trial court's decision and would have been properly raised on direct appeal. The trial court did not abuse its discretion by denying her motion for relief from judgment. *Page 6 
 {¶ 9} Ms. Rock's first and second assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 WHITMORE, J., MOORE, P. J., CONCUR. *Page 1