[Cite as *Fowler v. Fowler*, 2016-Ohio-5768.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| JASON FOWLER | C.A. No. 15CA0079-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| REBECCA FOWLER | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 10DR0215 |

DECISION AND JOURNAL ENTRY

Dated: September 12, 2016

HENSAL, Judge.

{¶1} Defendant-Appellant, Rebecca Fowler, appeals from a judgment of the Medina County Court of Common Pleas, Domestic Relations Division, denying her motion for relief from judgment. This Court affirms.

I.

{¶2} Ms. Fowler and her former husband divorced in 2011. The parties filed numerous post-decree motions relating to several issues, including the shared parenting plan for their two minor children. Relevant to this appeal, the magistrate issued an opinion on September 18, 2013, wherein he addressed several pending motions, including Ms. Fowler's motion to modify the shared parenting plan, and Mr. Fowler's motion to terminate same. The magistrate's decision modified the shared parenting plan, which originally allowed for equal parenting time. The trial court adopted that magistrate's decision that same day.

{¶3} Mr. Fowler filed timely objections to the magistrate's decision on September 24, 2013. Ms. Fowler then filed objections on October 3, 2013, and, on the same day, moved for an extension of time to file a transcript as required under Civil Rule 53(D)(3)(b)(iii). The trial court granted Ms. Fowler's motion for an extension of time on October 15, 2013.

{¶4} Almost seven months later, on May 9, 2014, the trial court dismissed Ms. Fowler's objections for want of a transcript and indicated that the "Judgment Entry dated December 20, 2014[,] adopting the Magistrate's Decision is in full force and effect." Addressing the fact that its entry contained a clerical error given the fact that the magistrate issued his decision on September 18, 2013, not on December 20, 2014 (a date that had yet to occur as of its May 2014 entry), the trial court issued a nunc pro tunc entry on September 22, 2014, to reflect the correct date (i.e., September 18, 2013). On October 6, 2014, Ms. Fowler again filed objections to the magistrate's decision, which the trial court denied on March 20, 2015.

{¶5} On May 18, 2015, Ms. Fowler moved the trial court for relief from its September 18, 2013, judgment under Civil Rule 60(B), which the trial court denied. Ms. Fowler now appeals the denial of her motion, asserting nine assignments of error for our review. For ease of consideration, we have rearranged and combined some of Ms. Fowler's assignments of error.

II.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S SEPTEMBER 18TH, 2013[,] DECISION WITHOUT A HEARING AND WITHOUT GIVING THE APPELLANT NOTICE AND THE ABILITY TO REMEDY THE LACK OF A TRANSCRIPT.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED IN APPLYING ORC 3109.04(E)(2)(b) AND NOT ORC 3109.04(E)(1)(a) IN THE ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES IN ITS SEPTEMBER 18TH, 2013[,] MAGISTRATE'S DECISION.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED IN MODIFYING THE TERMS OF THE PARTIES' PARENTING PLAN UNDER THE MAGISTRATE'S DECISION OF SEPTEMBER 18TH, 2013[,] WITHOUT SHOWING HOW THE MODIFICATION WAS NECESSARY UNDER THE STATUTORY REQUIREMENTS OF ORC 3109.04(E)(1)(a) IN ORDER TO SERVE THE BEST INTERESTS OF THE PARTIES' CHILDREN.

## ASSIGNMENT OF ERROR VII

THE TRIAL COURT ERRED BY FAILING TO PROPERLY CONSIDER THE HISTORY OF DOMESTIC VIOLENCE AGAINST THE APPELLANT BY THE APPELLEE AS EVIDENCED BY, INTER AL[]IA, THE APPELLANT'S CIVIL PROTECTION ORDER GRANTED BY THE SAME TRIAL COURT ON MARCH 30TH, 2010.

## ASSIGNMENT OF ERROR VIII

THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT HAD INCREASED THE DISTANCE BETWEEN THE PARTIES BY CHANGING HER RESIDENCE.

{¶6} In her third, fifth, six, seventh, and eighth assignments of error, Ms. Fowler challenges the magistrate's decision – and the trial court's adoption of same – from September 18, 2013. These assignments of error, however, are not properly before this Court because they could have been raised on a direct appeal from the trial court's May 9, 2014, judgment entry denying Ms. Fowler's objections for want of a transcript.

{¶7} As an initial matter – and to the extent that Ms. Fowler challenges the magistrate's factual findings – the Ohio Supreme Court has held that the "failure to file a transcript or affidavit with the objections to a magistrate's findings of fact constitute[s] a waiver

of appeal of those findings." *State ex rel. Pallone v. Ohio Court of Claims*, 143 Ohio St.3d 493, 2015-Ohio-2003, ¶ 13. But even if Ms. Fowler had filed a transcript (and assuming the trial court still denied her objections), her assignments of error would still fail as untimely.

{¶8} As previously noted, the trial court denied Ms. Fowler's objections on May 9, 2014, and issued a nunc pro tunc entry on September 22, 2014, to correct a clerical error (i.e., the wrong date) in the former entry. The Ohio Supreme Court has stated that "a nunc pro tunc entry by its very nature applies retrospectively to the judgment it corrects." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 19. Thus, the trial court's September 22, 2014, nunc pro tunc entry correcting its May 9, 2014, entry related back to the May 9, 2014, entry. Ms. Fowler filed the instant appeal in January 2016, well after the time for appealing the trial court's May 9, 2014, decision expired. *See* App.R. 4(A)(1). Her third, fifth, six, seventh, and eighth assignments of error are, therefore, not properly before this Court and are overruled.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN IT[]S SEPTEMBER 3RD 2015[,] DISMISSAL OF THE APPELLANT'S CIV.R. 60(B) MOTION IN FINDING THAT "THE CIV.R. 60(B) MOTION IS ESSENTIALLY AN APPEAL OF THE DISMISSAL OF HER OBJECTIONS."

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN IT[]S SEPTEMBER 3RD, 2015[,] DISMISSAL OF THE APPELLANT'S CIV.R. 60(B) MOTION IN FINDING THE MOTION UNTIMELY FILED.

ASSIGNMENT OF ERROR IX

THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S CIV.R. 60(B) MOTION UNDER REASONS (4) AND (5).

{¶9} In her first, fourth, and ninth assignments of error, Ms. Fowler challenges the trial court's dismissal of her Rule 60(B) motion for relief from its September 18, 2013, judgment.

More specifically, Ms. Fowler argues: (1) that the trial court erred by holding that her Rule 60(B) motion was essentially an appeal of its denial of her objections to the magistrate's decision; (2) that the trial court erred by dismissing her motion under Rule 60(B)(1) as untimely; and (3) that the trial court erred by dismissing her motion under subsections (4) and (5) because doing so infringed upon her rights to "seek and obtain happiness" and to "enjoy her liberty in her fundamental interest in the right to care, custody and control of her children." We review a trial court's decision to grant or deny a Rule 60(B) motion under an abuse of discretion standard. *Eisel v. Austin*, 9th Dist. Lorain No. 09CA009653, 2010-Ohio-816, ¶ 13. As explained below, each of Ms. Fowler's arguments lacks merit.

{¶10} We will first address Ms. Fowler's argument regarding the trial court's characterization of her Rule 60(B) motion as an appeal of its denial of her objections to the magistrate's decision. Ms. Fowler argues that the trial court's denial of her objections constituted a dismissal without prejudice, which was not a final, appealable order. She further argues that the trial court's entry did not become appealable until it issued its nunc pro tunc entry in September 2014. By that time, she argues, the thirty days within which to file an appeal had expired and, therefore, her Rule 60(B) motion was not a misplaced attempt to appeal the denial of her objections.

{¶11} Ms. Fowler's argument is unpersuasive. Initially, we note that she has cited no authority for the proposition that a trial court's denial of a litigant's objections to a magistrate's decision constitutes a non-final dismissal without prejudice. Instead, she cites *Smirz v. Smirz*, 9th Dist. Lorain No. 13CA010408, 2014-Ohio-3869, wherein this Court held that an "order dismissing without prejudice Wife's *divorce action* was not a final, appealable order." (Emphasis added.) *Id.* at ¶ 19. Further, as explained above, the trial court's September 22, 2014,

nunc pro tunc entry correcting its May 9, 2014, entry related back to the May 9, 2014, entry and did not affect the time within which to file an appeal. *See State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 15, quoting *State v. Yeaples,* 180 Ohio App.3d 720, 2009-Ohio-184, ¶ 15 (3d Dist.) ("A nunc pro tunc entry is the procedure used to correct clerical errors in a judgment entry, but the entry does not extend the time within which to file an appeal, as it relates back to the original judgment entry[.]"). As more fully explained below, Ms. Fowler's Rule 60(B) motion raised arguments that could have been raised on a direct appeal. Thus, because Ms. Fowler did not appeal the trial court's denial of her objections to the magistrate's decision, and because her Rule 60(B) motion raised arguments that could have been raised on a direct appeal, we cannot say that the trial court erred when it denied her motion. Ms. Fowler's argument, therefore, lacks merit.

{¶12} Regarding the timeliness of her motion under subsection (1), Rule 60(B) provides that a motion made under subsection (1) "shall be made * * * not more than one year after the judgment[.]" Here, the trial court denied Ms. Fowler's objections on May 9, 2014, and indicated that its order adopting the magistrate's decision was in full force and effect. As explained above, while the trial court's judgment entry initially contained the wrong date, its subsequent nunc pro tunc entry did not affect the date of the entry. *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 1. The trial court, therefore, did not err by holding that Ms. Fowler's motion, which was filed on May 18, 2015, was untimely under Rule 60(B)(1).

{¶13} Regarding the trial court's dismissal of Ms. Fowler's motion under subsections (4) and (5), those sections provide that a trial court "may relieve a party * * * from a final judgment * * *" if:

(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) any other reason justifying relief from the judgment.

The trial court's order indicates that it denied Ms. Fowler's motion on the basis that she was "attempting to reargue matters [that] were dismissed because of her failure to supply a transcript[.]"

{¶14} In support of her argument that the trial court erred by denying her motion, Ms. Fowler cites Sections 1 and 16 of Article 1 of the Ohio Constitution for the propositions that: (1) she has a fundamental interest in the right to the care, custody, and control of her children, which she has an inalienable right to defend; and (2) she has a right to seek and obtain happiness. In this regard, she argues that her "liberty is denied * * * where her parenting time with her children has been substantially decreased under the September 18, 2013 decision" and that her right to defend that liberty is denied "where the court dismissed her objections thereby effectively preventing her right to appeal from a nunc pro tunc entry retroactive to an *unappealable dismissal* * * *." (Emphasis original.) Regarding her right to obtain happiness, Ms. Fowler argues that such right is infringed upon when she is "deprived of the right to the happiness of day to day interactions with her children * * *."

{¶15} Despite Ms. Fowler's arguments, these issues could have been raised on a direct appeal and are not the proper bases for relief under Rule 60(B)(4) and (5). *Ward v. Hengle*, 134 Ohio App.3d 347, 350 (9th Dist.1999), quoting *Kelm v. Kelm*, 73 Ohio App.3d 395, 399 (10th Dist.1992) ("A motion for relief from judgment is not a substitute for an appeal, and errors which could have been corrected by a timely appeal cannot be the predicate for a Civ.R. 60(B) motion

for relief from judgment."). Ms. Fowler's first, fourth, and ninth assignments of error are overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY SUSPENDING THE APPELLANT'S PARENTAL RIGHTS ON OCTOBER 9TH, 2012[,] WITHOUT INDICATION OF IMMINENT DANGER OR THREAT TO THE APPELLANT'S CHILDREN WHICH WAS WRONGLY CALCULATED AGAINST THE APPELLANT IN THE SEPTEMBER 18TH, 2013[,] MAGISTRATE'S DECISION.

{¶16} In her second assignment of error, Ms. Fowler argues that the trial court erred when it suspended her parental rights on October 9, 2012. Ms. Fowler, however, has not appealed the trial court's October 9, 2012, judgment. Accordingly, any challenge to that judgment is not properly before this Court. To the extent that Ms. Fowler argues that the magistrate wrongly calculated this suspension against her in his September 18, 2013, decision, that issue could have been raised on a direct appeal from the trial court's May 9, 2014, judgment denying her objections and indicating that its entry adopting the magistrate's decision was in full force and effect. Ms. Fowler's second assignment of error is overruled.

## III.

{¶17} Ms. Fowler's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

MOORE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶18} I agree that Ms. Fowler's assignments of error are properly overruled, but I would address them differently than the majority. I would overrule Ms. Fowler's first assignment of error by concluding that her Civ.R. 60(B) motion was properly denied because she attempted to use it as a substitute for an appeal from the order dismissing her objections. This conclusion renders moot her challenges to the trial court's additional reasons for the denial of her motion, which she raised in her fourth and ninth assignments of error. All of the remaining assignments of error constitute untimely challenges to prior orders, and I would overrule the remaining assignments of error on that basis alone. Accordingly, I concur in the judgment.

APPEARANCES:

REBECCA FOWLER, pro se, Appellant.

PAULETTE J. LILLY, Attorney at Law, for Appellee.