[Cite as *Bancsi v. Valmark*, 2022-Ohio-782.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PAMELA BANCSI

    Appellee

    v.

VALMARK FINANCIAL GROUP, LLC, et al.

    Appellants

C.A. No.    29967

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2019-11-4210

DECISION AND JOURNAL ENTRY

Dated: March 16, 2022

---

CALLAHAN, Judge.

**{¶1}** Appellants, Valmark Financial Group, LLC and Caleb Callahan[1] (collectively, "Valmark") appeal an order of the Summit County Court of Common Pleas that granted relief under Civ.R. 60(B). This Court reverses.

I.

**{¶2}** On October 31, 2019, Pamela Bancsi filed a complaint against Valmark alleging claims arising from her employment ("the first case"). Valmark moved to dismiss the complaint or, in the alternative, to stay the proceedings and compel arbitration pursuant to an arbitration clause in Ms. Bancsi's employment agreement, and for sanctions under R.C. 2323.51(A)(2). On November 21, 2019, Valmark Financial Group, LLC also filed an action against Ms. Bancsi for claims related to confidentiality of business information and a covenant not to compete ("the

---

[1] Mr. Callahan is not related to the author of this opinion.

second case"). The trial court referred the first case to a magistrate, who determined that the parties had entered into a valid agreement to arbitrate and that Ms. Bancsi's claims were "explicitly identified in the Agreement." The magistrate rejected Ms. Bancsi's argument that there was no meeting of the minds or mutuality of agreement with respect to the arbitration clause. The magistrate also rejected Ms. Bancsi's argument that by filing the second case, Valmark waived its right to enforce the arbitration clause. The magistrate determined that the arbitration clause was neither substantively nor procedurally unconscionable and denied Valmark's request for sanctions.

{¶3}   Ms. Bancsi objected to the magistrate's decision, arguing that Valmark Financial Group, LLC's claims against her in the second case consisted of tort claims as well as contract claims. She also maintained that the arbitration clause was unenforceable and illusory, that there was no meeting of the minds with respect to the arbitration clause, and that the arbitration clause was unconscionable. On December 13, 2020, the trial court overruled Ms. Bancsi's objections, adopted the magistrate's decision, and granted Valmark's motion to stay the proceedings and compel arbitration.

{¶4}   Four days later, the trial court granted Ms. Bancsi's motion to consolidate the first case with the second case. In that order, the trial court also wrote, "Based on this order consolidating the matters, the court may reconsider its prior order referring the matter to arbitration. Therefore, the parties are granted leave to file any relevant motions within fourteen days of this order." On December 31, 2020, Valmark filed a response to the consolidation order arguing that regardless of whether the cases were consolidated, Ms. Bancsi's claims—and the

counterclaims that she had asserted in the second case—fell within the scope of the arbitration clause.[2]

{¶5}    On the same date, Ms. Bancsi filed a "Motion to Reconsider and/or Vacate" the order compelling arbitration.  She noted that her motion was made "pursuant to * * * Civ.R. 54(B)[] and Civ.R. 60(B)[.]"  Ms. Bancsi reiterated the arguments that she had previously made in opposition to the motion to compel arbitration and in her objections: that Valmark waived its rights under the arbitration clause by asserting tort claims against Ms. Bancsi, that the arbitration clause was unenforceable because it was substantively and procedurally unconscionable, and that the arbitration clause was illusory.  Although in a separate filing, Ms. Bancsi argued that the trial court's December 17, 2020, order was limited to her claims against Valmark, she supported the arguments that she had previously made by maintaining that her counterclaims in the second action were also not subject to arbitration.  The balance of her filing argued that her claims were meritorious.

{¶6}    On January 12, 2021, Ms. Bancsi also filed an appeal from the trial court's December 13, 2020, order in the first case that compelled arbitration.  This Court stayed that appeal on February 5, 2021, for a period of sixty days.  On April 1, 2021, the trial court granted Ms. Bancsi's motion under Civ.R. 60(B), noting that "the court hereby vacates its order adopting the magistrate's decision and orders the case returned to the active docket for adjudication of all claims within the two consolidated cases."  On April 19, 2021, Valmark filed this appeal from the trial court's order that granted relief under Civ.R. 60(B).  Shortly thereafter, on May 4, 2021, this Court ordered Ms. Bancsi to file a response addressing the status of the first appeal.  In

---

[2] At the time of the consolidation, a motion to dismiss or to stay and compel arbitration of Ms. Bancsi's counterclaims remained pending in the second case.

response, Ms. Bancsi moved to hold the first appeal in abeyance pending disposition of this appeal. On October 29, 2021, this Court denied Ms. Bancsi's motion and ordered her to file a brief within twenty days. Ms. Bancsi did not do so, and this Court dismissed the first appeal on December 17, 2021.[3] Accordingly, the issues before the Court in this appeal relate solely to the trial court's order that granted relief under Civ.R. 60(B).

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED BY GRANTING BANCSI'S "MOTION TO RECONSIDER AND/OR VACATE DECEMBER 13, 2020 ORDER" UNDER [CIV.R.] 60(B) BECAUSE BANCSI ALLEGED NO AND THE TRIAL COURT FOUND NO [CIV.R.] 60(B) GROUNDS JUSTIFYING VACATUR.

**{¶7}** Valmark's first assignment of error argues that the trial court erred by granting relief from its December 13, 2020, order under Civ.R. 60(B) because Ms. Bancsi did not demonstrate that she was entitled to relief under the grounds set forth in the Rule. This Court agrees.

**{¶8}** Civ.R. 60(B) provides that relief from a judgment may be granted upon a demonstration of:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

---

[3] Ms. Bancsi did not file an application for reconsideration of the dismissal, as permitted by App.R. 26(A)(1).

A party challenging a judgment under Civ.R. 60(B) must demonstrate that the party has a meritorious defense or claim, that a circumstance has arisen under Civ.R. 60(B)(1)-(5), and that the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "All three requirements are independent and in the conjunctive, so each must be clearly established to be entitled to relief." *Windward Ents., Inc. v. Valley City Dev. Group LLC*, 9th Dist. Medina No. 18CA0001-M, 2019-Ohio-3419, ¶ 29, citing *GTE Automatic Elec., Inc.* at 151. A trial court's determination of a motion for relief from judgment pursuant to Civ.R. 60(B) is reviewed for an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

{¶9} "It is well-established that a Civ.R. 60(B) motion cannot be used as a substitute for appeal[.]" *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 16, citing *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 8-9. As a corollary to that principle, this Court has concluded that when a motion for relief from judgment is based exclusively upon issues that could be raised on direct appeal, the motion is properly denied. *Schutte v. Akron Pub. Schools Bd. of Edn.*, 9th Dist. Summit No. 23036, 2006-Ohio-4726, ¶ 7, citing *Yoakum v. McIntyre*, 7th Dist. Columbiana No. 03 CO 63, 2005-Ohio-7083, ¶ 31. *See also Thornton v. Borstein*, 9th Dist. Summit No. 29669, 2021-Ohio-2231, ¶ 23 (noting that a Civ.R. 60(B) motion cannot be used to reargue the merits of a dispositive motion); *State ex rel. DeWine v. Helms*, 9th Dist. Summit No. 26472, 2013-Ohio-359, ¶ 10, quoting *Haas v. Bauer*, 156 Ohio App.3d 26, 2004-Ohio-437, ¶ 25 (9th Dist.) (Alteration in original.) ("'[T]he availability of Civ.R. 60(B) relief is generally limited to issues that cannot properly be raised on appeal.'").

{¶10} Ms. Bancsi's motion did not explicitly assert that she was entitled to relief on any of the grounds listed in Civ.R. 60(B)(1)-(4). She now maintains that her motion was grounded in

Civ.R. 60(B)(4), which provides that relief from judgment may be granted when "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application[.]" Civ.R. 60(B)(4) "was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." *Knapp v. Knapp*, 24 Ohio St.3d 141 (1986), paragraph one of the syllabus. As this Court has explained,

> "The purpose of Civ.R. 60(B)(4) * * * is to relieve a litigant of the burdens of a judgment when changed circumstances have rendered its continued application inequitable." *Rock v. Inn at Medina Mgt. Co., Inc.*, 9th Dist. Medina No. 07CA0072-M, 2008-Ohio-1992, ¶ 6. "Relief under Civ.R. 60(B)(4) must be warranted by events occurring subsequent to the entry of the judgment in question. Events which occurred prior to judgment cannot be relied upon as grounds to vacate the judgment pursuant to Civ.R. 60(B)(4)." (Internal citation omitted.) *Youssefi v. Youssefi*, 81 Ohio App.3d 49, 52-53, 610 N.E.2d 455 (9th Dist.1991).

*Wells Fargo Bank, N.A. v. Clucas*, 9th Dist. Summit No. 27264, 2015-Ohio-88, ¶ 12.

{¶11} Ms. Bancsi's motion stated that "it [was] in the interest of justice and equity that this court reconsider and/or vacate its December 13, 2020[,] judgment entry." It appears that to the extent the motion was grounded in Civ.R. 60(B)(4), it relied on the consolidation of the two cases as an intervening event. When two cases are consolidated, however, it is a matter of convenience and judicial economy; the cases are not merged and the rights of the parties are unchanged. *Transcon Builders, Inc. v. Lorain*, 49 Ohio App.2d 145, 150 (9th Dist.1976), quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-497 (1933). Moreover, Ms. Bancsi's motion reiterated the arguments that she had made both in opposition to Valmark's motion to compel arbitration and in her objections to the trial court's December 13, 2020, judgment—including her argument that Valmark Financial Group, LLC waived its rights under the arbitration clause by

filing suit against her. Both of those previous filings, in fact, were incorporated by reference into her motion for relief from judgment.

{¶12} Ms. Bancsi's arguments in support of her motion for relief from judgment, which could have been raised on direct appeal, were not proper grounds for relief under Civ.R. 60(B)(4). *See Fowler v. Fowler*, 9th Dist. Medina No. 15CA0079-M, 2016-Ohio-5768, ¶ 15. Accordingly, the trial court abused its discretion by granting relief under Civ.R. 60(B). This Court also observes that Ms. Bancsi appealed the December 13, 2020, judgment, but failed to prosecute the appeal by filing an appellate brief. Having done so, she cannot now pursue her arguments related to the merits of the judgment in the context of Valmark's appeal.

{¶13} Valmark's first assignment of error is sustained.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED IN NOT COMPELLING ARBITRATION AND ENFORCING THE PARTIES' VALID AND ENFORCEABLE ARBITRATION AGREEMENT.

{¶14} Valmark's second assignment of error argues that the trial court erred with respect to the merits of the motion to compel arbitration. In light of our disposition of Valmark's first assignment of error, the second assignment of error is moot. *See* App.R. 12(A)(1)(c).

## III.

{¶15} Valmark's first assignment of error is sustained. The second assignment of error is moot. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P.J.
SUTTON, J.
CONCUR.

APPEARANCES:

AMY RYDER WENTZ, EDWARD H. CHYUN, and BRIAN P. FITZGERALD, Attorneys at Law, for Appellants.

MATTHEW S. GRIMSLEY and CARYN M. GROEDEL, Attorneys at Law, for Appellee.