[Cite as *State v. Henson*, 2024-Ohio-3137.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                  Court of Appeals No. E-23-052

    Appellee                              Trial Court No. 2004 CR 0450

v.

Herbert Henson                            **DECISION AND JUDGMENT**

    Appellant                              Decided: August 16, 2024

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Eric J. Allen, for appellant.

* * * * *

**ZMUDA, J.**

## I. Introduction

{¶ 1} This matter is before the court on appeal from the October 6, 2023 judgment of the Erie County Court of Common Pleas, denying the motion of appellant, Herbert Henson, seeking leave to file a motion for new trial. Finding no error, we affirm.

## II. Background and Procedural History

{¶ 2} These proceedings originated with Henson's indictment on September 13, 2004, arising from allegations that Henson engaged in sexual conduct with his then 8-year-old daughter during the Summer of 2003, occurring during Henson's summer visitation with his daughter and an older brother. The Erie County grand jury issued an indictment charging Henson with 3 counts of rape in violation of R.C. 2907.02(A)(1)(b), with the victim less than 13 years of age, and five counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), with the victim less than 13 years of age.

{¶ 3} After a jury found Henson guilty of all counts, the trial court sentenced Henson to an aggregate prison sentence of 15 years to life. Following a hearing pursuant to R.C. 2950.09, the trial court classified Henson as a child victim offender.

{¶ 4} On November 16, 2005, Henson filed a motion for a new trial, which the state opposed. Henson included, as grounds for a new trial, the trial court's rejection of the pleadings from his divorce case and "newly discovered evidence" from the victim's testimony, placing some of the conduct on a timeline that would have permitted him to assert an alibi. Henson argued that, had he known of this testimony prior to trial, he could have subpoenaed his work records that would have shown him at work at the time of the conduct. The trial court denied the motion for new trial by written opinion and judgment.

{¶ 5} On March 20, 2006, Henson filed a direct appeal of the conviction and of the denial of his motion for new trial. Henson challenged the conviction, arguing prosecutorial misconduct, ineffective assistance of counsel, sufficiency and manifest

2.

weight of the evidence, and argued the trial court erred in denying his motion for new trial based on newly discovered evidence. Finding no reversible error, we affirmed the conviction. *See State v. Henson,* 2007-Ohio-3567 (6th Dist.). Henson attempted to appeal to the Ohio Supreme Court, but his appeal was dismissed for failure to file either the filing fee or an affidavit of indigency with his notice of appeal, and Henson's motion for delayed appeal was denied. *State v. Henson,* 2007-Ohio-6140.

{¶ 6} On March 6, 2008, Henson filed a petition for a writ of habeas corpus with the Northern District of Ohio. Finding Henson's petition to be barred by the statute of limitations and procedural default, the Northern District of Ohio dismissed the petition on April 2, 2009. *Henson v. Hudson,* 2009 WL 2588927 (Apr. 2, 2009).

{¶ 7} On February 18, 2010, Henson filed a pro se "motion for void judgment in the trial court, pursuant to Civ.R. 60(B)(4) and (5)." The state filed opposition, referencing the motion as a motion for relief from judgment. The trial court denied the motion by judgment entry dated March 19, 2010. On April 19, 2010, Henson filed an appeal of the March 19, 2010 judgment. On July 19, 2010, we dismissed the appeal after Henson failed to file an appellate brief.

{¶ 8} On March 25, 2010, Henson filed a "motion to amend and/or vacate the previous sentence filed" in the trial court, arguing defects in the indictment pursuant to R.C. 2901.21(A)(2), 2941.05, and Crim.R. 7(B), as well as defects in the sentencing entry pursuant to R.C. 2945.75(A)(2). The trial court denied the motion by judgment entry dated April 28, 2010, and Henson filed no appeal.

3.

{¶ 9} On July 15, 2010, Henson filed a pro so "motion for sentencing" in the trial court, arguing the "up to five years" imposed as a post release control term must be definitively stated and the incorrect post release control term rendered his entire sentence void. In response to this motion, the trial court scheduled a resentencing hearing.

{¶ 10} Prior to that hearing, on December 27, 2010, Henson, again appearing pro se, filed a "motion for judgment directed from verdicts" and a "motion for lawful allocation of sentence" in the trial court. Henson sought sentencing on the lesser criminal offense, arguing the verdict forms did not specify degree or additional elements for the greater degree of the offenses, as provided by R.C. 2945.75. Henson also sought to have the time already spent in prison, prior to resentencing, to be applied to his new sentence as jail time credit.

{¶ 11} On January 5, 2011, Henson filed a copy of an affidavit of disqualification in the trial court that he claimed was filed with the U.S. Department of Justice, appearing pro se, and alleged the trial court presided over his case in violation of his civil rights and the code of judicial conduct because the trial court "refused to grant the proper relief prayed for in the Civil Rule 60(B) motion as the facts in the trial record and indictment support."

{¶ 12} On January 18, 2011, the trial court held a resentencing hearing and provided proper notification of post release control. The trial court re-imposed the aggregate 15-year prison term and granted jail time credit for time served.

4.

{¶ 13} On June 28, 2011, Henson filed a pro se motion for sentencing in the trial court, arguing the sentence imposed was not supported by the jury verdict. Henson argued defects under R.C. 2945.75(A)(2) based on the verdict forms lacking either the degree of the offense or a statement of the additional element required for conviction of the more serious offense. The trial court denied the motion, and on August 4, 2011, Henson filed an appeal, appearing pro se. As error, he claimed the "trial court erred by failing to vacate void sentence pursuant to stare decisis and statute" and challenged the trial court's exercise of jurisdiction "in sentencing the defendant and further, dismissing appellant's motion to rectify void sentence." We determined any failure to comply with R.C. 2945.75(A)(2) did not render the sentence void and found Henson's remaining challenges were barred by res judicata. We affirmed the trial court's judgment. *State v. Henson,* 2012-Ohio-3730 (6th Dist.), *appeal not allowed State v. Henson,* 2012-Ohio-5459.

{¶ 14} On March 6, 2013, Henson filed a pro se filing in the trial court, captioned "conviction contrary to Ohio law pursuant to R.C. 2945.75(A)(2)," again challenging the verdict as defective and void, and a motion for resentencing pursuant to R.C. 2941.25, arguing his convictions should have merged. On April 17, 2013, the trial court denied the motions. On May 16, 2013, Henson filed an appeal, again appearing pro se, challenging the failure to grant the motion pursuant to R.C. 2945.75(A)(2) and failure to merge convictions as error. We determined Henson's assigned errors were barred by res judicata

and affirmed the trial court's judgment. *State v. Henson,* 2013-Ohio-4833 (6th Dist.), *appeal not allowed, State v. Henson,* 2014-Ohio-566.

{¶ 15} On April 27, 2015, Henson filed a motion to pay court costs in installments of $5 per month in the trial court, which the state opposed. On May 28, 2015, the trial court denied the motion.

{¶ 16} On June 26, 2015, Henson filed a pro se motion for resentencing in the trial court, arguing that when he was resentenced in 2011, the trial court failed to consider whether he had completed any of the underlying prison terms. On May 7, 2018, Henson renewed his motion for sentencing, again appearing pro se. The state filed opposition, and on May 29, 2018, Henson filed a motion seeking a hearing date for oral hearing on the motion for sentencing. On May 30, 2018, the trial court denied the motions.

{¶ 17} On February 3, 2022, Henson filed a motion in the trial court, appearing through counsel, seeking to stay collection of payment of court costs. The state opposed the motion. On February 28, 2022, the trial court denied the motion to stay collection. On March 9, 2022, Henson, through counsel, filed an appeal of the judgment as an abuse of discretion. On December 16, 2022, we affirmed the trial court's judgment regarding collection of court costs. *State v. Henson,* Erie App. No. E-22-009 (Dec. 16, 2022).

{¶ 18} On May 1, 2023, Henson, through counsel, filed a motion seeking leave to file a motion for new trial, with a request for an evidentiary hearing. Henson's motion identified no facts and contained no argument to support filing the motion beyond the time provided by Crim.R. 33(B). Instead, Henson recited the standard in conclusive

6.

fashion, explaining when a party is "unavoidably prevented" without explaining Henson's own delay. The state opposed the motion for leave, and on October 6, 2023, the trial court denied leave to file a motion for new trial, without hearing. On October 23, 2023, Henson filed the present appeal.

### III. Assignment of Error

{¶ 19} In challenging the trial court's judgment, denying leave to file his motion for new trial, Henson asserts a single assignment of error:

> The trial court abused its discretion by overruling the motion for leave to file a motion for a new trial.

### IV. Analysis

{¶ 20} Motions for new trial are governed by Crim.R. 33, and "except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered…unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein." Crim.R. 33(B). "We review the denial of leave to file a delayed motion for a new trial under an abuse-of-discretion standard." *State v. Montgomery,* 2016-Ohio-7527, ¶ 40 (6th Dist.), citing *State v. Willis,* 2007-Ohio-3959, ¶ 12 (6th Dist.). An abuse of discretion means the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St. 3d 217, 219 (1983).

7.

{¶ 21} As a basis for new trial, Henson argued the indictment did not provide adequate notice of the charges against him and the trial court failed to administer a proper oath to the jury, resulting in structural error. He also argued a defective verdict that failed to comply with R.C. 2945.75 by including the degree of felony or necessary elements for the greater offense. Finally, Henson argued his trial counsel was ineffective for failing to obtain alibi evidence, failing to introduce evidence of Henson's divorce proceedings as they related to the conduct alleged against his daughter, and failure to obtain an expert on child sexual abuse. As to a basis for leave, Henson stated he was unavoidably prevented from learning of the existence of the grounds for filing his motion, without any supporting argument.

{¶ 22} To merit leave to file a delayed motion for a new trial, Henson needed to provide "clear and convincing proof" that he was "unavoidably prevented" from discovering the evidence upon which his motion was based. *State v. Jury,* 2022-Ohio-4419, ¶ 43 (6th Dist.), citing Crim.R. 33(B); *State v. Sandoval,* 2014-Ohio-4972, ¶ 13 (6th Dist.). In seeking leave, Henson addressed neither the "clear and convincing proof" requirement nor the specifics of the facts causing him to be "unavoidably prevented" from discovering that proof for purposes of filing a Crim.R. 33 motion.

{¶ 23} In addressing the motion for leave under Crim.R. 33, the trial court must first consider the preliminary question of whether Henson "demonstrated that he was unavoidably prevented from discovering the new evidence on which he seeks to rely." *State v. Hatton,* 2022-Ohio-3991, ¶ 32. Once Henson demonstrates he was unavoidably

8.

prevented, leave should be granted to address the merits of the claim for new trial. *Hatton* at ¶ 33. However, "[u]nless and until a trial court grants a defendant leave to file a motion for a new trial, the merits of the new-trial claim are not before the court." *Hatton* at ¶ 33, citing *Bethel* at ¶ 41. Thus, the issue on appeal is whether the trial court abused its discretion in finding Henson failed to demonstrate, by clear and convincing proof, that he was unavoidably prevented from discovering the new evidence, providing grounds for his new-trial claim.

{¶ 24} Clear and convincing proof is more than a preponderance of the evidence, but less than the certainty of "beyond a reasonable doubt," the required proof in criminal cases. It is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Marcum,* 2016-Ohio-1002, ¶ 22, quoting *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 25} The "unavoidably prevented" requirement within Crim.R. 33(B) necessitates only prima facie showing that Henson could not file his motion for a new trial within the time specified by the Rule. *State v. McNeal,* 2022-Ohio-2703, ¶ 2-3. "One way that a defendant may satisfy the 'unavoidably prevented' required contained in Crim.R. 33(B) is by establishing that the prosecution suppressed the evidence on which the defendant would rely when seeking a new trial." *McNeal* at ¶ 2, citing *State v. Bethel,* 2022-Ohio-782, ¶ 25, 99. Another example would be an affidavit, recanting a witness's testimony, with demonstration that the "defendant 'was neither aware of the contents of

9.

the affidavit nor aware of the fact that [the witness] would be willing to give such an affidavit[.]'" (Citation omitted) *State v. Johnson,* 2024-Ohio-134, ¶ 21.

{¶ 26} Henson's motion, seeking leave, omitted the prima facie justification for a delayed filing, and instead argued the merits of his motion for new trial without any argument regarding the reason for his delay. On appeal, the parties continue to argue the merits of the motion for new trial. The merits were not properly before the trial court, however, as the trial court denied leave to file the motion.

{¶ 27} In challenging the trial court's denial of leave, Henson argues the trial court "did not analyze the timing" of his motion for leave. Henson, however, points to nothing in the record that placed the timing at issue. Henson's motion for leave recited the standard for "unavoidably prevented," but provided no argument based on facts in his case to support a finding he was "unavoidably prevented" from learning the grounds supporting his motion for new trial. The record, instead, demonstrates no new facts that would satisfy Henson's prima facie showing that he could not have filed his motion within the time provided by Crim.R. 33(B).

{¶ 28} Henson emphasized the merits of his motion for new trial, within his motion seeking leave, and the merits referenced matters that were evident in the record as early as Henson's trial and first motion for new trial. Henson referenced defects in the indictment, a failure to properly administer the oath to the jury, and a defective verdict form. He also argued ineffective assistance of counsel based on his trial counsel's failure to challenge the indictment, obtain an expert on child sexual abuse, and introduce alibi

10.

evidence including Henson's work records. Finally, Henson argued his trial counsel's lack of success in introducing pleadings from his divorce. The trial court, in denying leave to file the instant motion, addressed the numerous prior motions raising each of these issues. The trial court previously determined each of these issues, and of those judgments for which Henson pursued an appeal to this court, we affirmed the trial court's judgments in the prior appeals.

{¶ 29} Thus, considering the record, Henson failed to demonstrate he was "unavoidably prevented" from discovering new evidence because the record clearly established each of the issues raised were based on old argument, previously raised and rejected. Therefore, Henson failed to satisfy the prima facie showing that he was "unavoidably prevented" from discovering new evidence, by clear and convincing proof, as provided within Crim.R. 33(B). Accordingly, we find no abuse of discretion by the trial court in denying leave to file a motion for new trial. Henson's sole assignment of error not well-taken.

## V. Conclusion

{¶ 30} For the forgoing reasons, we affirm the judgment of the Erie County Court of Common Pleas. Henson is ordered to pay the costs of this appeal as provided by App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Gene A. Zmuda, J.                          _____
                                                        JUDGE

Myron C. Duhart, J.

                                          _____
Charles E. Sulek, P.J.                                  JUDGE
CONCUR.

                                          _____
                                                        JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.