OLD PHOENIX NATIONAL BANK, APPELLANT, *v.* SANDLER, APPELLEE.

(No. 1276—Decided January 11, 1984.)

*Mr. James A. Amodio,* for appellant Old Phoenix Natl. Bank.

*Mr. Matthew Fortado,* for appellee Marian Sandler.

BAIRD, J. On October 31, 1978, defendant's husband borrowed $5,000 from plaintiff. This amount was not repaid, and plaintiff obtained a judgment against Mr. Sandler in Medina Municipal Court. On July 25, 1979, plaintiff instituted this action in the Court of Common Pleas of Medina County against defendant to recover on her guarantee of the debt. Defendant was served by certified mail on July 28, 1979. Defendant failed to answer, and on October 24, 1979, the court granted plaintiff a default judgment. On April 5, 1983, defendant moved to vacate that judgment, and the court granted defendant's motion on June 13, 1983. Plaintiff appeals.

Assignments of Error

"1. The trial court committed an abuse of discretion, and therefore erred, in vacating its judgment rendered October 24, 1979, in favor of plaintiff-appellant Old Phoenix National Bank, for the reason that defendant-appellee Marian Sandler has not shown a right to relief under Civil Rule 60(B)(4), the stated basis for the trial court's decision, or under any other provision of Civil Rule 60(B).

"2. The trial court committed an abuse of discretion, and therefore erred, in vacating its judgment rendered October 24, 1979, in favor of plaintiff-appellant Old Phoenix National Bank, for the reason that defendant-appellee Marian Sandler's motion to vacate was not brought within a 'reasonable time' as required by Civil Rule 60(B)."

To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that:

"* * * (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], paragraph two of the syllabus.

The trial court found defendant presented no evidence which would entitle her to relief under Civ. R. 60(B)(5), but concluded that defendant was entitled to relief under Civ. R. 60(B)(4) which provides that a judgment may be vacated when:

"* * * the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; * * *."

Defendant's claim is that plaintiff obtained its judgment on a guarantee which did not extend to the debt in question, but instead guaranteed a debt which was paid in 1977. Civ. R. 60(B)(4) offers relief from judgments which have been satisfied or which have become inequitable. In any case, relief under Civ. R. 60(B)(4) must be warranted by events subsequent to judgment. See *Wurzelbacher* v. *Kroeger* (1974), 40 Ohio St. 2d 90 [69 O.O.2d 440]. Defendant does not claim that the judgment against her has been satisfied but instead argues that she did not guarantee the debt. Because the events and circumstances defendant alleges occurred prior to judgment, we conclude that defendant has presented a defense but not grounds for relief under Civ. R. 60(B)(4).

We also conclude that defendant did not meet her burden of demonstrating that she filed her motion within a reasonable time. The movant bears the burden of submitting factual material which demonstrates the timeliness of the motion. *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97 [68 O.O.2d

251]. We find no such evidence in the record before us. In the absence of any explanation for the delay, the movant has failed to meet her burden of establishing the timeliness of her motion. *Mount Olive Baptist Church* v. *Pipkins Paints* (1979), 64 Ohio App. 2d 285 [18 O.O.3d 319]. Accordingly, we find both assignments of error well-taken and reverse the decision of the trial court.

*Judgment reversed.*

MAHONEY, P.J., and GEORGE, J., concur.