**YOUSSEFI, Appellee,**

v.

**YOUSSEFI, Appellant.**

[Cite as *Youssefi v. Youssefi* (1991), 81 Ohio App.3d 49.]

Court of Appeals of Ohio,
Summit County.

No. 14943.

Decided July 3, 1991.

50

*David A. Lieberth,* for appellee.

*Richard H. Drucker,* for appellant.

CACIOPPO, Presiding Judge.

Defendant-appellant, Azzizollah Youssefi ("defendant"), appeals the decision of the Summit County Court of Common Pleas, Domestic Relations Division, denying his motion for relief from judgment and stay of execution of judgment. We affirm.

On October 23, 1989, defendant filed a motion for relief from judgment and stay of execution seeking to vacate a divorce decree entered on November 12, 1986. Defendant attached his affidavit to the Civ.R. 60(B) motion in which he swore, *inter alia,* that he received no notice of the hearing date in the divorce action and that plaintiff-appellee, Ziaolmolouk Youssefi ("plaintiff"), had made fraudulent representations to the court concerning her financial condition, assets and residency.

On July 12, 1990, plaintiff filed a memorandum in opposition to the motion.

The case was set for an oral hearing. The trial court overruled the motion on December 17, 1990, and entered judgment on January 14, 1991.

Defendant filed a timely appeal.

## ASSIGNMENT OF ERROR

"The trial court erred when it overruled appellant's motion for relief from judgment and stay of execution pursuant to Rule 60(B)(4) and (5) of the Ohio Rules of Civil Procedure."

Defendant claims that the trial court erred in failing to grant relief pursuant to Civ.R. 60(B)(4) and (5).

■ To prevail on a motion brought under Civ.R. 60(B) the movant must demonstrate that he is entitled to relief pursuant to one of the enumerated grounds of Civ.R. 60(B), that he has a meritorious defense or claim to present if relief is granted and that he brought his motion within the applicable time limit of Civ.R. 60(B). *GTE Automatic Elec., Inc. v. ARC Indus., Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

■ A person filing a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to such relief nor to a hearing on the motion. *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 105, 68 O.O.2d 251, 255, 316 N.E.2d 469, 476. The movant has the burden of proving that he is entitled to the relief requested or to a hearing on the motion. *Id.* The movant must submit factual material which on its face demonstrates the timeliness of the motion, reasons why the motion should be granted and that he has a meritorious claim or defense. *Id.*

Defendant claims that he is entitled to relief pursuant to Civ.R. 60(B)(4) on the grounds that the divorce decree should no longer have prospective application because it is based on the plaintiff's allegedly false representations.

■ Civ.R. 60(B)(4) provides that a judgment may be vacated when "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application[.]"

Civ.R. 60(B)(4) offers relief from judgments which have been satisfied or which have become inequitable. Relief under Civ.R. 60(B)(4) must be warranted by events occurring subsequent to the entry of the judgment in question. *Old Phoenix Natl. Bank v. Sandler* (1984), 14 Ohio App.3d 12, 13, 14 OBR 15, 16, 469 N.E.2d 943, 944. Events which occurred prior to judgment cannot be

relied upon as grounds to vacate the judgment pursuant to Civ.R. 60(B)(4). *Id.*

■ In the case *sub judice,* defendant's claims relate to events which allegedly occurred prior to the entry of judgment. Therefore, defendant has failed to demonstrate grounds for relief under Civ.R. 60(B)(4).

■ Defendant refers to the "catchall" basis for relief from judgment, "any other reason justifying relief from the judgment." Civ.R. 60(B)(5). This ground cannot serve as a substitute for the more specific grounds in Civ.R. 60(B). *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365, paragraph one of the syllabus. Defendant presented no evidence for the application of Civ.R. 60(B)(5). We conclude that defendant has not demonstrated that he is entitled to relief pursuant to Civ.R. 60(B)(4) or (5).

■ We also conclude that defendant has failed to demonstrate that he has a meritorious claim or defense to present if relief is granted. The evidentiary materials necessary for relief from judgment must present "operative facts" and not mere general allegations or conclusions. *East Ohio Gas Co. v. Walker* (1978), 59 Ohio App.2d 216, 13 O.O.3d 234, 394 N.E.2d 348; *Adomeit, supra,* 39 Ohio App.2d at 105, 68 O.O.2d at 255, 316 N.E.2d at 476. If the material submitted by the movant in support of a motion for relief from judgment contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing. *Adomeit, supra.* In this case, defendant attested that his former wife made false representations at a hearing in which he was not present. Such evidence does not rise to the level of operative facts.

■ While a motion for relief from judgment filed pursuant to Civ.R. 60(B)(4) and (5) is not governed by the one-year limitation period of Civ.R. 60(B)(1) through (3), the motion must still be brought within a reasonable time after entry of judgment. Civ.R. 60(B). The movant bears the burden of submitting factual material which demonstrates the timeliness of the motion. *Adomeit, supra,* at 103, 68 O.O.2d at 254, 316 N.E.2d at 475. Defendant has not submitted evidence as to timeliness. The record before us indicates that defendant has previously raised the issues which are now before us in a brief attached to his notice of appeal on February 10, 1987. In the absence of any explanation for the delay in filing the Civ.R. 60(B) motion, the movant has failed to meet his burden of establishing the timeliness of his motion. *Old Phoenix Natl. Bank, supra,* 14 Ohio App.3d at 14, 14 OBR at 17, 469 N.E.2d at 945.

An appellate court will not disturb an order denying relief from judgment, unless the trial court has abused its discretion by that ruling. *Associated Estates Corp. v. Fellows* (1983), 11 Ohio App.3d 112, 117, 11 OBR 166, 171, 463 N.E.2d 417, 422. Defendant has failed to demonstrate such an abuse. The assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and COOK, JJ., concur.