This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division. Appellant, Jan Ellen Marquis, appeals the denial of her motion for relief from judgment and asserts the following assignment of error:
 "THE JUDGMENT ENTRY DENYING PLAINTIFF/APPELLANT'S CIVIL RULE 60(B) MOTION CONSTITUTES AN ABUSE OF DISCRETION, REVERSIBLE ERROR AND RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant and appellee, Michael A. Marquis[1], were divorced by decree on December 28, 1992. The final judgment of divorce was prepared by appellant's attorney and allegedly reflected the terms of an in-court settlement agreement with regard to, among other things, a division of marital property.
The material provisions of the decree involve division and distribution of appellee's pension and his half-interest, as a partner, in a business called the "Bridge Cafe." Pursuant to the judgment of divorce, appellee received all rights to the pension/retirement benefits that he owned at the time of the divorce and to all pension/retirement benefits acquired by him in the future. Appellant was awarded her retirement benefits. The court awarded the real estate, known as the Bridge Cafe, to appellee.
On February 26, 1998, appellant filed, pursuant to Civ.R. 60(B), a motion to vacate the final judgment of divorce. As grounds for the motion, she contended that it was "no longer equitable" to enforce the judgment, See Civ.R. 60(B)(4), and that the judgment did not reflect the terms of the in-court settlement, see Civ.R. 60(B)(5).
Appellant ordered and filed that portion of the transcript of the divorce proceeding relevant to the determination of her motion. The in-court settlement was read into the record and provides, in pertinent part:
 "Uh, your honor, with respect to pensions, Mr. Marquis has a pension with Chrysler Corporation. Uh — Mrs. Marquis participates in the — uh — PERS program. The parties agreed that they will both retain the services of William Kimmelman to — uh — make apples apples and oranges oranges. In other words, we have a statement from Chrysler Motors indicating that when Mr. Marquis obtains the age of 62, his pension is now worth about $1,200 a month. Because PERS is not subject to a QDRO order, Mr. Hickman has a statement indicating — uh — in her fund it's approximately $8,900 towards her contributions at this time. The parties agree that Mr. Kimmelman will, in essence, do a present-day valuation so that in the end, Mrs. will keep all of her PERS pension. She will get less than $600 per month or half of his, because there will be a set-off — uh — for — uh — what her portion would reduce the 600 [sic] a month. Currently, its projected that if he didn't work any more at Chrysler and retired at 62, he get about 1,200 [sic] per month. So, she will get less than 600 [sic] a month, but to be calculated by Mr. Kimmelman and entered into stipulation because of her set-off and because he has 23 years in at Chrysler and only a 20 year marriage. There will be two credits that Mr. Kimmelman will — uh — calculate."
The court then asked whether a Qualified Domestic Relations Order ("QDRO") setting forth the division of appellee's pension would be prepared. Appellant's counsel replied that he would prepare the QDRO. It is undisputed, however, that no such QDRO was ever prepared and submitted to the court.
There is nothing in the settlement agreement read into the record to show that appellee was to receive a "set-off" for appellee's interest in the Bridge Cafe. Rather, the agreement only stipulates that appellee would receive his one-half title and interest in the partnership known as the Bridge Cafe.
In its judgment entry denying appellant's Civ.R. 60(B) motion, the trial court determined that appellant was not entitled to relief under Civ.R. 60(B)(4) because that part of the rule provides for relief from a judgment which has become inequitable due to subsequent events. The court also held that a party cannot use Civ.R. 60(B)(5) as a substitute for any of the more specific provisions of the rule. The court concluded:
 "[Appellant's] argument that the judgment entry prepared by her attorney does not incorporate the in-court agreement falls under Civ.R. 60(B)(1). Therefore, [appellant] is prevented from claiming relief under Civ.R. 60(B)(5)."
On appeal, appellant argues that the trial court abused its discretion in finding that she failed to meet the requisites of Civ.R. 60(B) and in failing to hold an evidentiary hearing.
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate: (1) that the party has a meritorious defense or claim to present if relief is granted; (2) that the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) that the motion is made within a reasonable time and for the grounds set forth in Civ.R. 60(B)(1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. GTEAutomatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146,150. A motion for relief from judgment is addressed to the sound discretion of the trial court, and a ruling on a motion will not be disturbed on appeal absent a showing of an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or judgment, but rather, indicates an attitude on the part of the court that is unreasonable, unconscionable or arbitrary. Stateex rel. Russo v. Deters (1997), 80 Ohio St.3d 152, 153.
It is undisputed that appellant has a meritorious claim or defense. That is, the judgment entry contradicts the in-court agreement of the parties on the division of marital property, specifically, appellee's Chrysler pension. We shall therefore move to the question considered determinative by the trial court- the question of whether appellant set forth any grounds for relief from judgment.
Appellant's first ground for relief is Civ.R. 60(B)(4) which allows a court to vacate a judgment where "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Relief under Civ.R. 60(B)(4) must be based on events occurring subsequent to the entry of judgment in question. Youssefi v. Youssefi (1991), 81 Ohio App.3d 49,52. That is, Civ.R. 60(B)(4) is designed to provide relief to those who are prospectively subjected to circumstances that they had no opportunity to foresee or control. Knapp v. Knapp
(1986), 24 Ohio St.3d 141, paragraph one of the syllabus.
In the instant case, appellant failed to offer any evidentiary materials to show that events occurring after the 1992 judgment entitled her to relief from prospective application of the divorce decree. Instead, she asserted, but did not offer affidavits attesting to these assertions, that her attorney prepared a proposed judgment entry purportedly reflecting the in-court settlement and signed the entry. She then claims that her attorney sent the entry to appellee's attorney, who also signed the entry, and had his client sign the same. Allegedly, the entry was then submitted to the court, without appellant's knowledge, and signed, filed and journalized by the trial judge. These events are not events occurring subsequent to the entry of judgment and cannot serve as a basis for vacating a judgment under Civ.R. 60(B)(4).
Appellant also relies on Civ.R. 60(B)(5), known as the "catch-all" provision, which permits a court to grant relief from a judgment for "any other reason justifying relief from the judgment." The rule reflects the court's inherent power to relieve a person from the unjust operation of a judgment, order or proceeding. Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,66. The grounds for invoking this provision should be "substantial." Id. at paragraph two of the syllabus. In addition, Civ.R. 60(B)(5) cannot be used as a substitute for any of the other subsections of the rule. Id. at paragraph one of the syllabus. "However, that requirement does not preclude the use of Civ.R. 60(B)(5) on the basis of operative facts different from and/or in addition to those contemplated by [one of the other subsections of Civ.R. 60(B)]." Cerney v. Norfolk W. Ry. (1995), 104 Ohio App.3d 482, 493.
Here, the domestic relations court found that appellant was attempting to substitute Civ.R. 60(B)(5) for Civ.R. 60(B)(1) by claiming "mistake, inadvertence, surprise or excusable neglect." While agreeing that, if appellant offered proper evidentiary materials in support of her motion, it might fall under Civ.R. 60(B)(1), the actual basis of appellant's motion was the fact that the judgment entry does not reflect the property division agreed upon by the parties. The question of mistake or neglect, if any, goes to the issue of whether appellant filed her motion within a reasonable time.
Appellant offered the transcript of the in-court settlement proceedings. This transcript shows, on its face, that the judgment entry was unjust in that it fails to reflect the intent of the parties in entering into settlement agreement concerning a major marital asset. Quality Pak Co. v. Baston
(Nov. 3, 1997), Clermont App. No. CA97-03-022, unreported. See, also, Dillard-Davis v. Dillard (Nov. 13, 1997), Cuyahoga App. No. 72114, unreported. But, see, Wells v. SpiritFabricating, Ltd. (1996), 113 Ohio App.3d 282, 289 [suggesting that Civ.R. 60(B)(5) can be used for seeking relief from an agreed judgment that does not correctly reflect the intent of the parties only if "a stipulated entry was materially different from the parties' agreement and was submitted by the opposite party."]
Accordingly, upon reviewing the record, we find the trial court abused its discretion by determining that appellant did not set forth a ground falling under Civ.R. 60(B)(5). We must strongly caution, however, that the normal operation of Civ.R. 60(B)(5) is such that the motion should only be granted "in an extraordinary and unusual case when the interests of justice warrants it." Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,105. We do not intend to extend the scope of Civ.R. 60(B)(5) by the holding in this case, but, rather, we urge courts to determine each case on its own particular facts.
In Adomeit v. Baltimore, 39 Ohio App.2d at 105, the court explained that where a movant provides allegations of fact that could warrant judgment under Civ.R. 60(B), the trial court abuses its discretion when it does not hold an evidential hearing. Furthermore, where a potentially meritorious claim is presented, a Civ.R. 60(B) motion cannot be overruled without a hearing unless the trial court specifically finds that the motion was not filed within a reasonable time. McCollum v.McCollum (Sept. 27, 1996), Trumbull App. No. 96-T-5430, unreported; Keeney v. Derrick (Dec. 22, 1995), Lake App. No. 95-L-068, unreported.
In the present case, the trial court did not address the question of whether appellant's motion was filed within a reasonable time. For the foregoing reasons, this court must remand this case to the trial court for an evidentiary hearing on the ground for appellant's motion and a determination of the reasonableness of the timing of the motion. At the hearing, the movant must be given an opportunity to demonstrate the timeliness of the motion.
Appellant's sole assignment of error is found well-taken. The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is reversed, and this cause is remanded to that court for further proceedings consistent with this judgment. Costs assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ---------------------------- JUDGE Melvin L. Resnick, J. ---------------------------- JUDGE James R. Sherck, J. CONCUR. ---------------------------- JUDGE
[1] Michael Marquis did not participate in the proceedings on the Civ.R. (B)(60) motion and did not file a brief on appeal.