DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Williams County Court of Common Pleas which denied the motion for relief from judgment filed by plaintiff-appellant Gerri Carroll. From that judgment, appellant now raises the following assignment of error:
 "THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT'S (PLAINTIFF'S) MOTION FOR RELIEF FROM JUDGMENT SHOULD BE DENIED WHERE APPELLANT WAS ENTITLED TO RELIEF UNDER ONE OR MORE GROUNDS STATED IN 60(B), APPELLANT HAD A MERITORIOUS CLAIM TO PRESENT IF RELIEF WERE TO BE GRANTED AND SAID MOTION WAS MADE IN A REASONABLE TIME."
Gerri Carroll filed an application for workers' compensation benefits for the condition of right carpal tunnel syndrome. That application was denied at all administrative levels. On September 18, 1998, Carroll appealed the final denial to the Williams County Court of Common Pleas. In her notice of appeal, Carroll stated that she received the Industrial Commission's order denying her appeal on June 18, 1998. She further stated, however, that the Industrial Commission entered its ruling on July 13, 1998.
On October 19, 1998, appellant's employer, defendant-appellee, Flexible Personnel, Inc./Staffmark ("Staffmark"), filed a motion to dismiss for lack of subject matter jurisdiction. Staffmark asserted that R.C. 4123.512(A) requires a notice of appeal from an Industrial Commission's decision to be filed in the common pleas court within sixty days from the receipt of the order. Recognizing that appellant stated in her notice of appeal that she was notified of the commission's decision on June 18, 1998, but that the commission's order was dated July 13, 1998, Staffmark argued that appellant probably received the Industrial Commission's order on July 18, 1998. In either case, Staffmark argued that appellant's notice of appeal was filed late. Appellant failed to respond to this motion to dismiss.
On November 5, 1998, the common pleas court granted the motion to dismiss with prejudice, holding that it lacked subject matter jurisdiction over the case. On November 10, 1998, appellant filed a motion for reconsideration of the trial court's dismissal for lack of subject matter jurisdiction. In her memorandum in support, appellant asserted that due to a clerical error, the notice of appeal misstated the date on which she received the Industrial Commission's order. She then attached affidavits and evidence to support her claim that she actually received the order on July 20, 1998. On November 17, 1998, the trial court filed a judgment entry denying appellant's motion for reconsideration. Subsequently, appellant timely appealed that judgment to this court.
On July 16, 1999, we issued a decision and judgment entry dismissing appellant's appeal for lack of jurisdiction.Carroll v. Flexible Personnel, Inc., et al. (July 16, 1999), Williams App. No. WM-98-029, unreported. In particular, we determined that because appellant was appealing the denial of a motion for reconsideration and because the Supreme Court of Ohio has unequivocally held that such motions in the trial court are a nullity, we do not have jurisdiction to review a trial court's ruling on such a motion. In a footnote in that decision, we stated: "Arguably, the correct motion would have been a Civ.R. 60(B); however, appellant never put her motion in those terms and there is no indication that the trial court treated it as such."
On September 14, 1999, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1) and (5) seeking to vacate the trial court's November 5, 1998 judgment dismissing her administrative appeal. In her memorandum in support, appellant asserted that the original notice of appeal from the Industrial Commission's order to the common pleas court contained a typographical error misstating the date on which she received the order. She then submitted evidence in support of her assertion that she actually received the order on July 20, 1998. Accordingly, appellant argued that her original appeal filed in the trial court on September 18, 1998 was timely. On December 2, 1999, the trial court filed a judgment entry denying appellant's motion for relief from judgment. Specifically, the court held that appellant's motion was not timely and failed to demonstrate that appellant has a meritorious claim to present if relief were to be granted. It is from that judgment that appellant now appeals.
In her sole assignment of error, appellant challenges the trial court's denial of her motion for relief from judgment. Specifically appellant argues that she was entitled to relief under one or more grounds stated in Civ.R. 60(B), that she had a meritorious claim to present if relief were granted and that her motion was timely.
It is well established that a motion for relief from judgment pursuant to Civ.R. 60(B) is left to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1984), 5 Ohio St.3d 217,219.
Civ.R. 60(B) provides in relevant part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
In order to obtain relief from judgment pursuant to Civ.R. 60(B), a movant must demonstrate that:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
These requirements must be shown by "operative facts" presented in evidentiary material accompanying the request for relief. EastOhio Gas Co. v. Walker (1978), 59 Ohio App.2d 216, syllabus. Relief pursuant to Civ.R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the requirements set forth inGTE, supra. Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391. See, also, Miami Sys., Corp. v. Dry CleaningComputer Sys., Inc. (1993), 90 Ohio App.3d 181; Youssefi v.Youssefi (1991), 81 Ohio App.3d 49.
Upon review of appellant's motion for relief from judgment and the evidence submitted in support thereof, we conclude that appellant presented no evidentiary material to demonstrate that she would have a meritorious claim if relief were granted. On this issue, appellant simply argued in her motion that:
 "In the case at bar, Defendant has not presented any evidence to challenge the existence of a meritorious claim on behalf of Plaintiff. The matter before this Court involves an appeal from an administrative decision of the Bureau of Workers' Compensation/Industrial Commission of Ohio. Without evidence to the contrary, such an appeal is inherently meritorious on its face. Consequently, Plaintiff satisfies the first requirement for the granting of relief from judgment."
Appellant did not allege any operative facts which, if true, would establish her right to participate in the workers' compensation fund. General allegations or conclusions will not suffice.Youssefi, supra at 53.
Accordingly, the trial court did not abuse its discretion in denying appellant's motion for relief from judgment and the sole assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Williams County Court of Common Pleas is affirmed.
Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Mark L. Pietrykowski, J.
 James R. Sherck, J., Richard W. Knepper, P.J.