[Cite as *Wagenheim v. Wagenheim*, 2023-Ohio-4219.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

LES WAGENHEIM,                          :

    Plaintiff-Appellant,           :

                                      No. 112866

    v.                                         :

CAROL WAGENHEIM,                        :

    Defendant-Appellee.          :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 22, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-20-383664

### *Appearances:*

Caryn Groedel & Associates Co., LPA, and Caryn M. Groedel, *for appellant.*

Joseph A. Dubyak Co., LPA, and Joseph A. Dubyak, *for appellee.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow an appellate court to render a brief and conclusory decision. *State v. Trone*, 8th Dist.

Cuyahoga Nos. 108952 and 108966, 2020-Ohio-384, ¶ 1, citing *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014- Ohio-1735, ¶ 1.

{¶ 2} Plaintiff-appellant, Les Wagenheim ("Husband"), appeals from the trial court's judgment denying his Civ.R. 60(B) motion to vacate judgment. Finding no merit to the appeal, we affirm.

## I. Background

{¶ 3} Husband and defendant-appellee, Carol Wagenheim ("Wife"), were married in 1981. In December 2020, Wife filed a complaint for divorce. The parties reached a settlement agreement, and on February 2, 2021, after a hearing, the trial court journalized the final decree and judgment entry of divorce.

{¶ 4} On May 3, 2023, Husband filed a motion for relief from judgment in which he alleged that he was entitled to relief from the judgment entry of divorce pursuant to Civ.R. 60(B)(1), (2), (3), and (4) because Wife had failed to disclose during the divorce proceeding that she owned Boeing stock worth approximately $111,000, in violation of the court's order that the parties were to disclose all assets. Husband contended that the undisclosed stock was a marital asset and he was entitled to one-half the value of the stock. Accordingly, he asked the court to grant him relief from the February 2, 2021 judgment entry of divorce.

{¶ 5} The trial court denied the Civ.R. 60(B) motion, finding that Husband's claims pursuant to Civ.R. 60(B)(1), (2), and (3) were untimely. The court found that Husband's claim pursuant to Civ.R. 60(B)(4) was untimely because it was not filed within a reasonable time and further, that it failed on the merits because it

applied to events that occurred prior to judgment and Husband had not demonstrated any change of circumstances that could not be foreseen at the time of judgment. Accordingly, the trial court found that Husband had failed to demonstrate that he was entitled to relief under Civ.R. 60(B). This appeal followed.

## II. Law and Analysis

{¶ 6} In his single assignment of error, Husband contends that the trial court abused its discretion in denying his Civ.R. 60(B) motion without a hearing.

{¶ 7} To prevail on a motion for relief from judgment, the movant must demonstrate that (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. The movant must satisfy all three requirements to obtain relief. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

{¶ 8} We review a trial court's judgment regarding a motion to vacate judgment under an abuse-of-discretion standard. *Bank of N.Y. v. Elliot*, 8th Dist. Cuyahoga Nos. 97506 and 98179, 2012-Ohio-5285, ¶ 25. An abuse of discretion occurs when a court exercises its judgment "in an unwarranted way[] in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 9} Civ.R. 60(B)(1), (2), (3), and (4) allow a court "on motion and upon such terms as are just" to grant relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which in the exercise of due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud, misrepresentation, or other misconduct of an adverse party; and (4) the judgment has been satisfied or it is no longer equitable that the judgment should have prospective application.[1]

{¶ 10} In his motion, Husband argued that he was entitled to relief from judgment under Civ.R. 60(B)(1) because he did not know until nearly a year after the divorce decree was entered that Wife had not disclosed assets in excess of $111,000. He asserted that he was entitled to relief under Civ.R. 60(B)(2) because he saw only the mail Wife left for him to read, and thus, could not have ascertained in the exercise of due diligence that Wife was hiding documents from him regarding her ownership of the Boeing stock and its value. With regard to Civ.R. 60(B)(3), Husband contended that as reflected in exhibits attached to his motion, Wife had stolen from his employer, which caused him to lose his job; "obliterated" the couple's marital assets through her profligate spending; and failed to disclose the Boeing

---

[1] Civ.R. 60(B)(4) also allows for relief from judgment where a prior judgment upon which the disputed judgment is based has been reversed or otherwise vacated, a situation not applicable to this case.

stock in the divorce proceeding, thereby establishing the fraud, misrepresentation, and misconduct required to vacate a judgment under Civ.R. 60(B)(3).

{¶ 11} Civ.R. 60(B) expressly provides that motions for relief from judgment "shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment, order or proceeding was entered or taken." The divorce decree in this matter was journalized on February 2, 2021; Husband filed his motion to vacate on May 3, 2023, more than two years after the divorce decree was entered. "Any claims for relief from judgment under Civ.R. 60(B)(1), (2), or (3) [are] untimely [where a movant fails] to file his Civ.R. 60(B) motion within one year of the judgment entered against him." *Fairbanks Capital Corp. v. Heirs at Law*, 9th Dist. Summit No. 22733, 2005-Ohio-6459, ¶ 9. Accordingly, the trial court did not abuse its discretion in concluding that Husband's Civ.R. 60(B)(1), (2), and (3) claims were untimely.

{¶ 12} Although a motion filed pursuant to Civ.R. 60(B)(4) is not subject to the one-year limitation, it must be filed within a "reasonable time." *GTE*, 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus. The movant has the burden of demonstrating that the motion was filed within a reasonable time. *Simmons v. Simmons*, 8th Dist. Cuyahoga No. 97975, 2012-Ohio-4164, ¶ 8, citing *Youssefi v. Youssefi*, 81 Ohio App.3d 49, 53, 610 N.E.2d 455 (9th Dist.1991). What constitutes a reasonable time is dependent upon the facts and circumstances of the case. *Simmons* at *id*. "Timeliness is an issue that is left to the discretion of the trial court, and each case must be decided on its own merits." *Id*., citing *Second Natl.*

*Bank of Warren v. Courthouse Square Realty, Ltd.*, 11th Dist. Trumbull No. 92-T-4774, 1994 Ohio App. LEXIS 4887 (Oct. 28, 1994).

{¶ 13} We find no abuse of discretion in the trial court's conclusion that Husband's claim under Civ.R. 60(B)(4) was untimely. As the trial court found, Husband asserted in his brief in support of his motion to vacate that he became aware of the existence of the Boeing stock eight to nine months after the divorce decree was journalized in February 2021, but he did not file his motion until May 2023, more than two years after the divorce decree was entered and approximately 18 months after he learned of the existence of the stock. Under these circumstances, the trial court's determination that Husband's Civ.R. 60(B)(4) claim was untimely was not an unwarranted exercise of its discretion.

{¶ 14} Likewise, the trial court did not abuse its discretion in finding that even if Husband's Civ.R. 60(B)(4) claim were timely, it nevertheless failed on the merits. Under Civ.R. 60(B)(4), relief from judgment may be granted when "the judgment has been satisfied, released or discharged, * * * or it is no longer equitable that the judgment should have prospective application." Husband asserted that he had satisfied his obligations under the parties' separation agreement and thus, in light of Wife's alleged failure to disclose the existence of the Boeing stock during the divorce proceeding, he was entitled to relief under Civ.R. 60(B)(4).

{¶ 15} However, "requested relief under Civ.R. 60(B)(4) must be based on events occurring subsequent to the entry of the judgment in question; events occurring prior to judgment cannot be relied upon as grounds to vacate the

judgment pursuant to Civ.R. 60(B)(4)." *Minkin v. Ohio State Home Servs.*, 10th Dist. Franklin No. 16P-178, 2016-Ohio-5804, ¶ 13; *see also Mullaji v. Mollagee*, 9th Dist. Lorain No. 21CA011779, 2023-Ohio-246, ¶ 12 ("Events which occurred prior to judgment cannot be relied upon as ground to vacate the judgment pursuant to Civ.R. 60(B)(4).").

{¶ 16} Husband sought to vacate the divorce decree because Wife allegedly failed to disclose a marital asset prior to the journalization of the judgment of divorce. Because the alleged failure to disclose occurred prior to judgment, the trial court properly found that Civ.R. 60(B)(4) did not apply to Husband's claim. *See Minkin* at ¶ 14 (Civ.R. 60(B) not applicable where the defendant argued that the parties had reached a settlement before the plaintiffs filed their lawsuit, thereby relying on alleged events that occurred prior to the judgment as a basis to vacate the judgment under Civ.R. 60(B)(4)).

{¶ 17} The trial court also did not abuse its discretion in finding that Husband's Civ.R. 60(B)(4) claim failed under the provision that allows for relief from judgment when it is no longer equitable that the judgment have prospective application. As the Ohio Supreme Court has stated, Civ.R. 60(B)(4) "was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." *Knapp v. Knapp*, 24 Ohio St.3d 141, 493 N.E.2d 1353 (1986), paragraph one of the syllabus; *see also, Waszak v. Waszak*, 8th Dist. Cuyahoga No. 101462, 2015-Ohio-2262, ¶ 14 ("Relief under Civ.R. 60(B)(4) is only afforded to those individuals who are subjected to

circumstances which could not be foreseen or controlled."). Here, exhibit No. 14 to Husband's motion to vacate judgment demonstrates that Wife disclosed the Boeing stock on the parties' 2017 joint tax return. As noted by the trial court in its judgment entry denying Husband's Civ.R. 60(B) motion, because Husband presumably reviewed the tax return before signing it, "due diligence would dictate that [Husband] should have been aware of the stock when he signed the separation agreement and judgment entry of divorce." Accordingly, Husband did not demonstrate that he was subjected to circumstances after judgment that he had no opportunity to foresee or control.

{¶ 18} To summarize, because Husband's Civ.R. 60(B) claims pursuant to Civ.R. 60(B)(1), (2), and (3) were untimely, and his Civ.R. 60(B)(4) claim was both untimely and without merit, the trial court did not abuse its discretion in denying the motion for relief from judgment without conducting a hearing. The assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

LISA B. FORBES, J., and
EILEEN T. GALLAGHER, J., CONCUR